## (December 12, 1974)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ALDEN TALBOT, III, Appellant.— Appeal from a judgment of the County Court of Delaware County, rendered October 9, 1973, convicting defendant, on his plea of guilty, of the crime of criminal possession of a dangerous drug in the fifth degree. When this case was previously before this court, we remanded to the County Court "for an additional hearing and findings of fact, among which shall include whether consent was given to examine the contents of the brown paper bag containing the drugs." (44 A D 2d 641.) Subsequently, an additional hearing was held at which the State Trooper who had arrested the defendant and the defendant both testified. Thereafter, County Court found that defendant "knew he had a right to refuse consent to the search of his automobile", that "the arresting officer asked * * * if he could search the vehicle", that defendant "gave his verbal consent and voluntarily opened the duffle bag which was further indication of his consent", that defendant "when asked what was in the paper bag inside the duffle bag * * * did not verbally indicate to the officer his refusal to open the bag but instead panicked and rolled up the car window on the officer's arm" and that defendant's "testimony that he did not consent to the search verbally or that he asked the officer if he had a search warrant" was not believable. Based on these find-

ings, the County Court reaffirmed its denial of defendant's suppression motion. The record supports the County Court's factual findings and we find no basis to disturb its resolution of the credibility to be given to the conflicting testimony. Therefore, the County Court could properly conclude that consent had been given and had not been effectively revoked prior to the search of the brown paper bag (cf. *People* v. *Johns,* 41 A D 2d 342). Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Herlihy, P. J., Sweeney, Main and Reynolds, JJ., concur; Kane, J., concurs in the result only.